IN THE U.S. DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, **)** | | |
| | **)** | |
| Plaintiff, | **)** | Case No. 2:16-cv-01324-RAJ |
| | **)** | |
| v. | **)** | |
| | **)** | |
| **GUREY MUUSE FAARAH**, | **)** | |
| a/k/a ADULLAHI MUSE FARAH | **)** | |
| MIRAF, | **)** | |
| | **)** | |
| Defendant. | **)** | |
| | **)** | |

## AMENDED CONSENT JUDGMENT OF DENATURALIZATION

Plaintiff United States of America (Plaintiff) and Defendant Gurey Muuse

Faarah, a/k/a Adullahi Muse Farah (Miraf) (together, the Parties) accept as true

the allegations contained in the Complaint to Revoke Naturalization.[1] (ECF 1.)

Based on this Agreement, the Court finds that the facts, as alleged in the

Complaint have been proven. The parties consent to an Order Entering

---

[1] Due to the Defendant's use of a dual-identify, for consistency's sake, the
Defendant will be referred to as "Miraf" hereinafter in this consent judgment.

Judgment of Naturalization (Order) that:

(i)     revokes Miraf's U.S. citizenship;

(ii)    restrains and enjoins Miraf from claiming any rights, privileges, benefits, or advantages under any document evidencing U.S. citizenship; and

(iii)   orders Miraf to surrender the following by hand or overnight commercial courier to Durwood "Derry" Riedel, undersigned counsel for the United States located in Washington, D.C., within 10 days of entry of the Order:  (a) Certificate of Naturalization, No. 34310329, in the name of Gurey Muuse Faarah, and any copies thereof in Miraf's possession; (b) any and all U.S. passports issued to Miraf, whether valid or expired, and any copies thereof, in Miraf's possession; and (c) any and all other indicia of U.S. citizenship pertaining to Miraf.

Upon entry of this consent judgment, Miraf will execute a Stipulated Order of Removal to Canada to be filed by the Department of Homeland Security with the Executive  Office for Immigration Review (EOIR), by which Miraf will agree to the charges presented against him in a Notice to Appear, give up his Lawful Permanent Resident status, waive all rights to an immigration hearing, rights to apply for asylum, withholding of removal, protection under the  Convention Against Torture and any other relief from removal, and voluntarily agree to his removal to Canada, having no fear of harm if returned there, and (b) neither he, nor his heirs,  attorneys, agents, representatives, or

assigns, will challenge his removal from the United States to Canada by any

means, including but not limited to, a petition for a removal hearing before an

immigration judge, denial of the grounds for removal charged against him,

petitions for relief from removal on any basis whatsoever, appeal (whether

administrative or judicial), any collateral attack, or any application for injunctive

action, equitable relief, or legislative action. The government will agree to a stay

of removal allowing Miraf to remain in the United States until October 31,

2016, or 30 days after the Court enters this consent judgment of

denaturalization, whichever date comes later.

Miraf must exit the United States by October 31, 2016, or 30 days after

the Court enters this consent judgment of denaturalization, whichever date

comes later. In return for Miraf entering into – and DHS filing with EOIR – a

Stipulated Order of Removal, the government will not place Miraf in

immigration detention so long as he exits the country by October 31, 2016, or

30 days after the Court enters this consent judgment of denaturalization,

whichever date comes later. If Miraf remains in the country past the later of

the two dates referred to in the proceeding sentence, the U.S. Department of

Homeland Security (DHS) shall place Miraf in immigration detention prior to

his agreed removal from the United States.

Upon entry of this consent judgment, Miraf agrees to procure and

provide to DHS a copy of his proof of status (and travel document, if different)

for Canada. Miraf also agrees to provide to DHS a copy of his departure

itinerary within 15 days of receipt, and no less than 30 days prior to the scheduled date of departure. Miraf agrees to provide notice to the Department of Homeland Security of any change of address within 5 business days and understands that he may be required to report to the Department of Homeland Security periodically or may be visited by DHS periodically during any period in which he is not detained.

Miraf is represented by legal counsel in this case who has explained to him his rights and responsibilities contained in this consent judgment. Miraf agrees to the revocation of his U.S. citizenship, and agrees to his removal from the United States freely, knowingly, voluntarily, without duress or compulsion of any kind from the United States or any other individual or entity, and with full knowledge of the consequences.

The Parties waive all rights to seek judicial review or otherwise contest the validity of the Order, and Miraf waives any right that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412. Each Party will bear its own costs and fees incurred in this action.

The Parties agree that the Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of the Order. SO ORDERED:

Dated this 7th day of October, 2016.

_____

The Honorable Richard A. Jones
United States District Judge